IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

BRANDON GREENE,

   Plaintiff,

vs.

LT. M. CHEATAM, SGT. N. COWART, OFC GABRIEL, OFC. MORRIS, MAJOR MITCHELL, CPL. COLEMAN, CPL CULYER, SGT. T. STERNS,

   Defendants.

CASE NO.: 1.23-CV-114

## ANSWER

COME NOW Defendants Cheatman, Cowart, Gabriel, Morrison, Mitchell, Coleman, Culyer, and Sterns and file this Answer to Plaintiff's Complaint, showing the Court as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail due to lack of subject matter jurisdiction.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred by qualified and official immunity.

### FOURTH DEFENSE

To the extent that Defendants are being sued in an official capacity, Defendants are entitled to sovereign immunity and immunity pursuant to the Eleventh Amendment.

**FIFTH DEFENSE**

Defendants deny that they have used excessive force, failed to protect, failed to intervene, retaliated against Plaintiff, denied Plaintiff due process, or failed to provide adequate conditions at the Charles B. Webster Detention Center.

**SIXTH DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitation and the equitable doctrines of laches, waiver, and estoppel.

**SEVENTH DEFENSE**

Defendants deny that Plaintiff can establish the requirements to show that he should be awarded a preliminary injunction.

**EIGHTH DEFENSE**

Plaintiff has failed to exhaust available administrative remedies.

**NINTH DEFENSE**

Defendants specifically reserve the right to raise additional claims or defenses.

**TENTH DEFENSE**

Defendants hereby respond to the numbered Sections of Plaintiff's Complaint as follows:

I.   The Parties to This Complaint

  A. The substance of Section I.A. is introductory such that a response is not required. To the extent that a response is required, Defendants admit only that Brandon Greene is an inmate at the Charles B. Webster Detention Center.

  B. The substance of Section I.B. is introductory such that a response is not required. To the extent that a response is required, Defendants admit that

2

   Lieutenant M. Cheatman, Sergeant N. Cowart, Officer Gabreial, Officer Morris, Major Mitchell, Corporal Coleman, Corporal Culyer, and Sergeant T. are or were employed at the Richmond County Sheriff's Office and are named as Defendants. Plaintiff's claims against Defendants Danko and Toomer have been dismissed pursuant to an order of this Court. Defendants deny all other allegations set forth in this Section of Plaintiff's Complaint.

II.  Basis for Jurisdiction

  A. The substance of Section II.A. is introductory such that a response is not required. To the extent that a response is required, Defendants admit only that Plaintiff appears to allege § 1983 claims. Defendants deny all other allegations set forth in this Section of Plaintiff's Complaint.

  B. The substance of Section II.B. is introductory such that a response is not required. To the extent that a response is required, Defendants admit only that Plaintiff is alleging violations of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. Defendants deny all other allegations set forth in this Section of Plaintiff's Complaint.

  C. A response to Section II.C. is not required as it was not included in Plaintiff's Complaint. To the extent that a response is required, Defendants deny all allegations set forth in this Section.

  D. Defendants deny all allegations set forth in Section II.D. of Plaintiff's Complaint.

III.  Prisoner Status

  The substance of Section III is introductory such that a response is not required. To the extent that a response is required, Defendants admit only that

Plaintiff alleges that he is a pretrial detainee. Defendants deny all other allegations set forth in this Section of Plaintiff's Complaint.

IV. Statement of Claim

    A. A response to Section IV.A. is not required as it is not included in Plaintiff's Complaint. To the extent that a response is required, Defendants deny all allegations set forth in this Section of Plaintiff's Complaint.

    B. Defendants deny all allegations set forth in Section IV.B. of Plaintiff's Complaint.

    C. Defendants deny all allegations set forth in Section IV.C. of Plaintiff's Complaint.

    D. Defendants deny all allegations set forth in Section IV.D of Plaintiff's Complaint.

V. Injuries

Defendants deny that they are liable for any alleged injuries Plaintiff has suffered. Otherwise, Defendants are without sufficient information to admit or deny the allegations set forth in Section V of Plaintiff's Complaint.

VI. Relief

Defendants deny each and every requested prayer for relief contained in Plaintiff's Complaint.

VII. Exhaustion of Administrative Remedies

    A. Defendants admit only that Plaintiff has been confined at the Charles B. Webster Detention Center. Defendants deny all other allegations set forth in Section VII.A of Plaintiff's Complaint.

    B. Defendants admit only that there is a grievance procedure at the Charles B. Webster Detention Center. Defendants deny all other allegations set forth in Section VII.B. of Plaintiff's Complaint.

    C. Defendants deny all allegations set forth in Section VII.C. of Plaintiff's Complaint.

    D. Defendants are without sufficient information to admit or deny the allegations set forth in Section VII.D. of Plaintiff's Complaint.

    E. A response to Section VII.E. is not required as it is not included in Plaintiff's Complaint. To the extent that a response is required, Defendants deny all allegations set forth in this Section of Plaintiff's Complaint.

    F. Defendants deny all allegations set forth in Section VII.F. of Plaintiff's Complaint.

    G. Defendants are without sufficient information to admit or deny the allegations set forth in Section VII.G. of Plaintiff's Complaint

VIII. Previous Lawsuits

    Defendants are without sufficient information to admit or deny the allegations set forth in Section VIII of Plaintiff's Complaint.

IX. Certification and Closing

    As this Section is reserved for the Plaintiff's signature, a response is not required. To the extent that a response is required. Defendants deny all allegations set forth in Section IX of Plaintiff's Complaint.

**ELEVENTH DEFENSE**

To the extent that an answer to any allegation was omitted, Defendants hereby deny all such allegations.

**WHEREFORE,** Defendants pray that this Court:

a. Dismiss Plaintiff's Complaint with prejudice;

b. Grant judgment to Defendants;

c. Assess all costs against Plaintiff; and

d. Award such other and further relief as just and proper.

Respectfully Submitted this 7th day of November 2023.

/s/Tameka Haynes
**Randolph Frails**
Georgia Bar No. 272729
**Tameka Haynes**
Georgia Bar No. 453026

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
randyfrails@frailswilsonlaw.com
thaynes@frailswilsonlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| BRANDON GREENE,<br><br>    Plaintiff,<br><br>vs.<br><br>LT. M. CHEATAM, SGT. N. COWART, OFC GABRIEL, OFC. MORRIS, MAJOR MITCHELL, CPL. COLEMAN, CPL CULYER, SGT. T. STERNS,<br><br>    Defendants. | CASE NO.: 1:23-CV-114 |

## CERTIFICATE OF SERVICE

This is to certify that the within and foregoing **Answer** was served upon the following parties in accordance with ECF rules by electronically filing a copy with the Clerk of Court using the CM/ECF system, by email, or by depositing a copy in the United States Mail with adequate postage thereon to:

Brandon Greene
2350494
Charles B. Webster Detention Center
1941 Phinizy Road
Augusta, GA 30906

This 7th day of November 2023.

/s/Tameka Haynes
**Tameka Haynes**
Georgia Bar No. 453026
**Randolph Frails**
Georgia Bar No. 272729

*Attorneys for Defendants*

**Frails & Wilson LLC**
211 Pleasant Home Road, Suite A1
Augusta, GA 30907
Phone: 706-855-6715
Facsimile: 706-855-7631
thaynes@frailswilsonlaw.com
randyfrails@frailswilsonlaw.com