IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-114 |
| | ) | |
| SEAN MCKENZIE; CPT. JENKINS; | ) | |
| SGT. FLUELLEN; SGT. SEYMORE; | ) | |
| CAPT. WHITE; LT. ASHLEY; SGT. | ) | |
| ROBERTS; OFC. GROVER ROBINSON; | ) | |
| OFC. GABREIAL; OFC. MORRISON; LT. | ) | |
| M. CHEATAM; SGT. N. COWART; | ) | |
| MAJOR MITCHELL; LT. SHELTON; SGT. | ) | |
| GEETINGS; CPL. COLEMAN; CPL. | ) | |
| CULYER; SGT. MATTHYS; CAPT. | ) | |
| DANIELS; and LT. N. HARRELL, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee at Charles B. Webster Detention Center ("CBWDC") in Augusta, Georgia, is proceeding *pro se* and *in forma pauperis* in this case filed pursuant to 42 U.S.C. § 1983. Shortly after commencing this case, Plaintiff filed two motions for preliminary injunctions. For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**. (Doc. nos. 11, 18.)

**I.      BACKGROUND**

Familiarity with the complete procedural history and factual background of this case is presumed. In his first motion for injunctive relief, Plaintiff requests the Court order CBWDC

to provide Plaintiff with access to phones, the law library, and grievances. (Doc. no. 11, p. 3.) Plaintiff also requests to be removed from administrative segregation and released on house arrest or, in the alternative, be relocated to the T-1 or T-2 units of CBWDC or another jail facility. (Id. at 3-4.)

In his second motion for injunctive relief, Plaintiff again requests to be removed from administrative segregation and housed elsewhere at CBDWC, transferred to another jail, or be placed on house arrest. (Doc. no. 18, pp. 2, 4.) He alleges the inhumane and unsanitary living conditions in administrative segregation cause serious health concerns and, in conjunction with his preexisting health conditions, could place Plaintiff's life in danger. (Id. at 1-2.) Plaintiff further alleges his continued placement in administrative segregation is a form of retaliation by jail officials. (Id.) In addition to relocation from administrative segregation, Plaintiff requests the Court to order CBWDC to provide Plaintiff with access to personal mail and contact with his family.

The Court screened Plaintiff's then-operative Amended Complaint, (doc. no. 8), and directed Defendants[1] to respond to Plaintiff's motions for preliminary injunctions, (doc. no. 16). Defendants timely responded. (Doc. nos. 30-31, 39.) Defendants argue Plaintiff is unable to carry his burden as to any of the four elements to warrant a preliminary injunction. (Doc. no. 39.)

A party moving for injunctive relief must show the following: "(1) substantial likelihood

---

[1] The Court recognizes, due to the timing of Plaintiff's filing of the motions for preliminary injunctions and screening of various amended complaints, that not all Defendants now served were named defendants at the time of the November 7, 2023 response to Plaintiff's motions. (See doc. nos. 16, 39; see also doc. no. 61.) Accordingly, when the Court refers herein to Defendants' November 7th filing, the Court refers only to those defendants against whom claims were permitted to proceed in accordance with the Court's prior screening. (See doc. no. 16.)

2

of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Supplementing the elements listed above, the Prison Litigation Reform Act ("PLRA") places additional restrictions on preliminary injunctions in the prisoner civil rights context.  While the PLRA permits preliminary injunctive relief "to the extent otherwise authorized by law," it requires the relief "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).  Moreover, "[t]he court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief."  Id.

## II.   DISCUSSION

In regard to what relief the Court may grant, Plaintiff has not met his burden of persuasion as to all four of the requirements, as supplemented by the PLRA requirements.  The Court need not address the first factor, concerning substantial likelihood of success on the merits, because Plaintiff clearly fails to satisfy the remaining three elements. Failure to satisfy any one of the four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief.  See

Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (*per curiam*).

As to the second element, Plaintiff is unable to demonstrate irreparable injury in the absence of an injunction. While Plaintiff makes claims about his time in administrative segregation that raise significant concerns about the living conditions at CBWDC, Plaintiff concedes he is no longer housed in the "strip cell" and is instead housed in a cell in the intake wing of the jail on administrative segregation. (Doc. no. 58, pp. 21-22.) Thus, to the extent his motions for preliminary injunctions may be construed as requesting relief from the unsanitary living conditions in the strip cell, this request is now moot.

Plaintiff's requests to be relocated due to concerns about threats to his safety from other inmates also fail to satisfy the second element. In order to satisfy the irreparable injury requirement, Plaintiff must show that the threat of injury is "neither remote nor speculative, but actual and imminent." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Tucker Anthony Realty Corp. v. Schlesinger, 888 F.2d 969, 973 (2d Cir. 1989)); see also Church v. City of Huntsville, 30 F.3d 1332, 1337 (11th Cir. 1994) (noting that, in order to obtain injunctive relief, a plaintiff must show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury."). Plaintiff claims he needs to be housed "somewhere safe from all gang members," (doc. no. 11, p. 3), and requests the Court instruct CBWDC officials not to "place any gang members in the dorm to allow [Plaintiff] to be hurt," (doc. no. 18, p. 3), but fails to demonstrate any ongoing issues with gang-affiliated individuals that demonstrate an actual and imminent threat of injury. Although Plaintiff alleges prior acts of gang-affiliated violence against him, he provides no details demonstrating a present threat to his safety, and thus fails

4

to satisfy the irreparable harm element.

Beyond the allegations related to his housing assignments, Plaintiff also requests relief in the form of reinstatement of his privileges to use phones, the law library, personal mail, contact his family, and file grievances. Even assuming Plaintiff is likely to succeed on his retaliation or due process claims that are related to his restrictions of these privileges, he has failed to connect the revocation of these privileges to any irreparable injury.

As to the third and fourth elements, Plaintiff also failed to address whether any threatened injury to him outweighs damage the proposed injunction may cause the opposing party and whether if issued, the injunction would be adverse to the public interest. The law is well-settled that federal courts should refrain from unwarranted interference in the day-to-day operations of prisons. See Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, as a general rule, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976).

Thus, at this stage of the case, the Court will not insert itself into the decision-making process of where to house a prisoner or what privileges Plaintiff is entitled to while on administrative segregation. See Walker v. Smokes, No. 6:15-CV-57, 2018 WL 3241926, at *12 (S.D. Ga. July 3, 2018), *adopted by* 2018 WL 3715830 (S.D. Ga. Aug. 3, 2018) ("At this early stage, the Court cannot ascertain whether it would be appropriate for this Court to order Defendants to release Plaintiff from Tier II to protective custody . . . . The Court recognizes that such a decision lies squarely under the purview of "prison administration", and this Court is loath to interfere with the administrative processes of a prison."); Brown v. Anglin, No. 5:15-CV-294, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016), *adopted sub nom.* Brown v. Holland, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016) ("As it concerns his apparent request

for a prison transfer, especially at this early stage of the litigation, granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate. Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.") Moreover, Plaintiff's request to have the Court interfere with Plaintiff's housing assignments or privilege restrictions fail to satisfy the PLRA's requirements for injunctive relief, as such relief would not be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Because failure to satisfy all four prerequisites for injunctive relief is fatal to Plaintiff's request for injunctive relief, Siegel, 234 F.3d at 1176, Plaintiff is not entitled to the relief he seeks.

**III.   CONCLUSION**

In sum, Plaintiff has failed to satisfy all of the required elements for obtaining the injunctive relief he seeks. Thus, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motions be **DENIED**. (Doc. nos. 11, 18.)

SO REPORTED and RECOMMENDED this 5th day of August, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA