IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON GREENE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 123-114 |
| | ) | |
| SEAN MCKENZIE; CPT. JENKINS; SGT. FLUELLEN; SGT. SEYMORE; CAPT. WHITE; LT. ASHLEY; SGT. ROBERTS; OFC. GROVER ROBINSON; OFC. GABREIAL; OFC. MORRISON; LT. M. CHEATAM; SGT. N. COWART; MAJOR MITCHELL; LT. SHELTON; SGT. GEETINGS; CPL. COLEMAN; CPL. CULYER; SGT. MATTHYS; CAPT. DANIELS; and LT. N. HARRELL, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Plaintiff filed the above-styled civil action pursuant to 42 U.S.C. § 1983. According to the Court's July 16, 2024 Order lifting the discovery stay and setting deadlines for the case, discovery closed November 7, 2024, and dispositive motions were due December 9, 2024. (Doc. no. 80.) Defendants timely filed a motion for summary judgment. (Doc. no. 87.) Plaintiff has filed a "Declaration Response to Defendants Summary Judgment," in which he argues Defendants filed their motion for summary judgment before Plaintiff could obtain discovery and the restrictive conditions of his incarceration have made it impossible to obtain evidence, conduct legal research, and understand how to conduct discovery. (Doc. no. 90.)

To the extent Plaintiff's filing suggests he requires additional time, resources, or accommodations for discovery, the Court declines to adopt such measures. Plaintiff has not shown good cause for modifying the case deadlines to allow for the re-opening of discovery. Under the Local Rules, a motion for extension of time must be filed prior to the expiration of the discovery period. See Loc. R. 26.2. The Court lifted the discovery stay and set case deadlines in its July 16, 2024 Order, and in the nearly five months discovery was open thereafter, Plaintiff filed no motions concerning any challenges he faced engaging in discovery, nor does he indicate he ever requested any discovery from defense counsel. (See dkt.; doc. no. 90.) In fact, Plaintiff raised no issue whatsoever concerning discovery until filing his Declaration Response, which was signed December 19, 2024, well past the November 7, 2024, discovery deadline. (Doc. no. 90.) Plaintiff's filing explains the conditions of his incarceration have hindered his efforts at obtaining discovery, but he does not identify any specific problems at specific times that hindered his compliance with a November 7th deadline that was set on July 16, 2024. Accordingly, Plaintiff does not demonstrate the requisite diligence to establish good cause, and thus Court thus declines to re-open discovery. See Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1232 (11th Cir. 2008) (explaining the good cause standard "precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension").

Moreover, to the extent Plaintiff suggests Defendants were responsible for his inability to obtain necessary discovery, he provides no indication that he attempted to confer with defense counsel to resolve any discovery disputes. Local Rule 26.5 requires Plaintiff to make

2

a good faith effort to resolve any discovery dispute with opposing counsel.[1]  Plaintiff previously received instructions about this requirement.  (See doc. no. 16, p. 9.)  The duty-to-confer prerequisite is not an empty formality and failure to comply with the good faith effort and certification requirements of Federal Rule 37(a)(1) and Local Rule 26.5 warrants denial of discovery motions.  See Merritt v. Marlin Outdoor Advert. Ltd., CV 410-053, 2010 WL 3667022, at *4 (S.D. Ga. Sept. 15, 2010); Holloman v. Mail-Well Corp., 443 F.3d 832, 844 (11th Cir. 2006) (affirming denial of discovery motion based on "a failure to work with the defendants in good faith" during discovery process).  Failure to confer with Defendants will not be considered a good faith effort to attempt to resolve a dispute.  See Whitesell Corp. v. Electrolux Home Prods., Inc., CV 103-050, 2015 WL 5316591, at *5 (S.D. Ga. Sept. 10, 2015) (collecting cases); Curry v. Day, CV 114-173, doc. no. 23, pp. 2-3 (S.D. Ga. Apr. 15, 2015) (applying good faith requirement in prisoner plaintiff case).  In sum, Plaintiff has failed to demonstrate he made a good faith effort to resolve any discovery dispute with defense counsel prior to presenting his concerns to the Court.  Thus, to the extent his Declaration Response seeks the Court's intervention to assist with his attempts at obtaining discovery, such a request is denied.

Nevertheless, the Court is not unmindful of the burdens facing incarcerated litigants in the prosecution of their case.  The Court notes that Plaintiff's Declaration Response primarily focused on his difficulties with discovery and did not respond to the substance of Defendants' summary judgment motion.  (Compare doc. no. 90, with doc. no. 87.)  Therefore, the Court

---

[1] Local Rule 26.5 provides, in relevant part:  "Fed. R. Civ. P. 26(c) and 37(a)(1) require a party seeking a protective order or moving to compel discovery to certify that a good faith effort has been made to resolve the dispute before coming to court."

grants an extension of time through and including January 24, 2025, for Plaintiff to file any additional response to Defendants' motion for summary judgment. To make sure Plaintiff fully understands the ramifications of Defendants' motion should he not file an additional response, the Court will now reiterate to Plaintiff the consequences of a motion for summary judgment.[2]

Once a motion for summary judgment is filed, the opponent should be afforded a reasonable opportunity to counter the affidavits of the movant. Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985). The reasonable opportunity encompasses not only time to respond, but notice and an explanation of rights that may be lost if a response is not filed. Id.

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and demonstrating that there is an absence of any dispute as to a material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). Also the moving party may be granted summary judgment if they show the Court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party makes this showing, then they are entitled to a judgment as a matter of law because the non-moving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. Id.

---

[2] Plaintiff was first informed of the consequences of a summary judgment motion in the Court's October 2, 2023 Order. (Doc. no. 16, p. 10.)

This Court in ruling on a summary judgment motion must determine whether under the governing law there can be but one reasonable conclusion as to the verdict. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Moreover, a mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to defeat a summary judgment motion; there must be evidence on which the jury could reasonably find for Plaintiff. See id. at 252. All reasonable doubts, however, must be resolved in favor of the party opposing summary judgment. Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co., 655 F.2d 598, 602 (5th Cir. Unit B Sept. 1981).[3] When, however, the moving party's motion for summary judgment has pierced the pleadings of the opposing party, the burden then shifts to the opposing party to show that a genuine issue of fact exists. This burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Morris v. Ross, 663 F.2d 1032, 1033 (11th Cir. 1981).

Should Plaintiff not express opposition to Defendants' motion, the consequences are these: Any factual assertions made in the affidavits of the party moving for summary judgment will be deemed admitted by this Court pursuant to Loc. R. 7.5 and Fed. R. Civ. P. 56 unless Plaintiff contradicts the movant's assertions through submission of his own affidavits or other documentary evidence, and the motion for summary judgment will be granted on the grounds that said motion is unopposed. See Loc. R. 7.5.

Accordingly, the Court **ORDERS** Plaintiff to file any opposition to Defendants' motion for summary judgment, with appropriate supporting affidavits, or to inform the Court of his

---

[3] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

decision not to object to Defendants' motion, by no later than January 24, 2025. To ensure that Plaintiff's response is made with fair notice of the requirements of the summary judgment rule, the Court **INSTRUCTS** the **CLERK** to attach a copy of Fed. R. Civ. P. 56 to the copy of this Order that is served on Plaintiff.

SO ORDERED this 3rd day of January, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA